IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| VENICE DEGREGORIO and<br>NICHOLAS DEGREGORIO,<br><br>            Plaintiffs,<br><br>    v.<br><br>MARRIOTT INTERNATIONAL, INC.,<br><br>       and<br><br>JW MARRIOTT LOS CABOS BEACH<br>RESORT & SPA,<br><br>            Defendants. | CIVIL ACTION NO. 2:17-cv-03867-NIQA |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND *FORUM NON CONVENIENS***

Defendants Marriott International, Inc. ("MII"), Operadora Punta Peninsula, S.A. de C.V. ("OPP"), and Operadora Mision San Jose, S.A. de C.V. ("OMSJ"), incorrectly named as "JW Marriott Los Cabos Beach Resort & Spa" seek leave to file a reply brief in support of their motion to dismiss Plaintiffs Venice DeGregorio and Nicholas DeGregorio's Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and *forum non conveniens*, which was filed on August 30, 2017.

Defendants seek leave to file a reply brief,[1] as required by Local Rule of Civil Procedure 7.1(c), to address Plaintiffs' material misstatements of fact raised for the first time in their opposition to Defendants' motion to dismiss. *See* Doc. No. 5.

Plaintiffs first argue that the Court should disregard the clear and unambiguous forum selection clause to which they agreed upon check-in because, according to their opposition, OMSJ is not a named defendant. However, Plaintiffs' own Complaint (at ¶¶ 4-5) sets forth clearly that their intention was to sue the Mexican **owner** and **operator** of the hotel, which they mistakenly identified as "JW Marriott Los Cabos Beach Resort & Spa." As set forth in Defendants' proposed Reply, "JW Marriott Los Cabos Beach Resort & Spa" is a trade name, and not a legal entity with capacity to be sued. *See* Fed. R. Civ. P. 17(b) (capacity to be sued is governed by the law of place of incorporation).

Moreover, Plaintiffs' opposition offers incomplete and inaccurate evidence to substantiate the alleged nature and extent of Marriott's supposed contacts with Pennsylvania in an effort to argue that the Court can exercise general and specific jurisdiction over Marriott. Defendants' reply provides complete, competent and irrefutable evidence of (a) Plaintiffs' misstatements and (b) the lack of minimum contacts required for the constitutional exercise of personal jurisdiction.

For the reasons set forth above, Defendants seek leave to file a reply brief in support of their motion to dismiss to address Plaintiffs' material misstatements of fact so that the Court has a factually accurate record when deciding Defendants' motion to dismiss. Accordingly, Defendants respectfully request that the Court grant this motion.

---

[1]  Defendants' proposed Reply Brief is attached hereto as Exhibit A.

## CONCLUSION

For the foregoing reasons, Defendants Marriott International, Inc., Operadora Punta Peninsula, S.A. de C.V., and Operadora Mision San Jose, S.A. de C.V. respectfully request that the Court grant Defendants motion for leave to file a reply brief and deem Defendants' reply brief filed as of the date of the Court enters the order granting this motion.

Respectfully submitted,

GORDON & REES LLP

By: *Ilan Rosenberg*
     Ilan Rosenberg (I.D. No. 89668)
     C. Tyler Havey (I.D. No. 80877)
     Jason E. Landro (I.D. No. 319376)
     One Commerce Square
     2005 Market Street, 29th Floor
     Philadelphia, PA  19103
     (215) 717-4026

Date: September 18, 2017