**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| VENICE DEGREGORIO and NICHOLAS DEGREGORIO , | : : : | |
| Plaintiffs, | : : | |
| v. | : : | CIVIL ACTION NO. 2:17-cv-03867-NIQA |
| MARRIOTT INTERNATIONAL, INC., | : : | |
| and | : : | |
| JW MARRIOTT LOS CABOS BEACH RESORT & SPA, | : : : | |
| Defendants. | : : | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION
AND *FORUM NON CONVENIENS***

Defendants Marriott International, Inc. ("MII"), Operadora Punta Peninsula, S.A. de C.V. ("OPP"), and Operadora Mision San Jose, S.A. de C.V. ("OMSJ"), incorrectly identified as "JW Marriott Los Cabos Beach Resort & Spa,"[1] respectfully submit this reply in support of their motion to dismiss Plaintiffs Venice DeGregorio and Nicholas DeGregorio's Complaint.

---

[1] As stated in their opening Motion, OPP and OMSJ are the owner and operator, respectively, of the hotel misidentified by Plaintiffs as party defendant "JW Marriott Los Cabos Beach Resort & Spa." "JW Marriott Los Cabos Beach Resort & Spa" is a trade name, and not a legal entity with legal personhood or capacity to be sued. *See* attached Supplemental Declaration of Rafael Herrero (Ex. A) at ¶¶ 2-3.

## I.   Dismissal is Appropriate Under *Forum Non Conveniens*

Although federal courts generally may not rule on the merits of a case without first determining that they have jurisdiction over the cause and the parties, there is no mandatory sequencing of non-merits issues.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). Courts thus have leeway "to choose among threshold grounds for denying audience to a case on the merits."  *Id.* at 585.  According to settled Supreme Court law, this Court has discretion to dismiss the case on grounds of *forum non conveniens* without first disposing of the jurisdictional questions.  *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.*, 549 U.S. 422, 435-436 (2007) (upholding district court's decision to first dismiss on grounds of *forum non conveniens* where discovery for personal jurisdiction would have unduly burdened petitioners).

This case arises out of an injury sustained by Venice DeGregorio while a guest at the JW Marriott Los Cabos, in Baja California Sur, Mexico, on April 8, 2016.  Plaintiffs generally contend that Mrs. DeGregorio was injured when she slipped and fell at the JW Marriott Los Cabos as a result of alleged negligent design, construction, and maintenance of the pool area, and the failure to warn of the risk of injury.  According to the Complaint, Plaintiffs seek redress from MII, as well as the Mexican owner and operator of the JW Marriott Los Cabos.  *See* Compl. at ¶¶ 3-5.

Plaintiffs take no issue with Defendants' position, and thus concede, that Mexico is an adequate alternative forum.  And all relevant material facts here are undisputed.  The JW Marriott Los Cabos hotel is a property located, owned, and operated in Mexico.  Plaintiffs knowingly traveled to Los Cabos, Baja California Sur, Mexico prior to the incident and were guests of the JW Marriott Los Cabos in Mexico at the time of the incident.  The registration card signed by Plaintiffs' upon their arrival at the JW Marriott Los Cabos identifies OMSJ as the operator of the hotel.   The registration card contains a clear, conspicuous, concise and

unambiguous Mexican choice-of-forum clause requiring that any dispute arising out of Plaintiffs' stay at the hotel be adjudicated only before the courts of Mexico.  Plaintiffs' claims are premised on the purported conditions, and the related duties, of a hotel located in Los Cabos, Baja California Sur, Mexico.  All records of the events that resulted in Mrs. DeGregorio's injuries, and most of the relevant witnesses concerning the conditions at the hotel and her emergency medical treatment, are located in Mexico.  Finally, Plaintiffs do not allege any suit-related conduct whatsoever in Pennsylvania – or anywhere in the United States, for that matter. The *forum non conveniens* analysis should therefore begin and end with these Mexican connections.

Plaintiffs nevertheless oppose dismissal on *forum non conveniens* grounds based on little more than platitudes.  First, Plaintiffs suggest that their decision to file suit in this district should not be disturbed, citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981), and urge the Court to disregard the clear and unambiguous forum selection clause to which they agreed upon check-in.  The reason, they argue, is that OMSJ is not a named defendant.  That, of course, is nonsense.  Plaintiffs' own Complaint sets forth clearly (at ¶¶ 4-5) that their intention was to sue the Mexican **owner** and **operator** of the hotel, which they mistakenly identified as "JW Marriott Los Cabos Beach Resort & Spa."  But "JW Marriott Los Cabos Beach Resort & Spa" is not a legal entity with capacity to be sued.  It is, instead, a trade name used by OPP and OMSJ, respectively the owner and operator of the hotel.  *See* Ex. A at ¶¶ 2-3; Fed. R. Civ. P. 17(b).

Under settled Supreme Court law, Plaintiffs exercised the right to select their forum at the time of check-in.  *Atlantic Marine Const. Co., Inc. v U.S. Dist. Court for the Western Dist. of Texas*, 134 S. Ct. 568, 581-83 (2013).  Thus, under *Atlantic Marine*, their recent decision to file suit in Pennsylvania is entitled to no deference at all.

*Atlantic Marine* also shifts the burden to Plaintiffs to show that dismissal is unwarranted. Because the Supreme Court has established an irrebutable presumption that the private interest factors all weigh in favor of dismissal, Plaintiffs must prove that the public interest factors (a) counsel against dismissal and (b) substantially outweigh the private interest factors. *Id.*[2]  On this score, too, Plaintiffs fall short.  Plaintiffs concede that this is a case alleging premises liability in Mexico.  Plaintiffs further take no issue with Defendants' argument that the case will be governed by and decided under Mexican laws and standards.  Plaintiffs do not – and indeed cannot – dispute that Mexican courts are far more familiar with those laws and standards than the Eastern District of Pennsylvania.  It is indisputable that the case will involve Mexican witnesses, including designers, engineers, hotel staff, first responders and medical personnel, all of whom reside in Mexico, may be beyond the Court's jurisdiction, and, even if within the Court's jurisdiction, may not even be legally able to travel to the United States.

Plaintiffs only argument concerning the public interest factors – one that certainly cannot carry the day for them – is that Pennsylvania has a strong interest in MII's "business with respect to the thousands of hotels it owns and controls that are located in the Commonwealth."  For the sake of clarity, as explained in greater detail below, there are a total of 154, not "thousands," of Marriott-branded hotels in Pennsylvania.  More importantly, the number of Marriott-branded hotels in Pennsylvania is completely irrelevant for purposes of the Court's *forum non conveniens* analysis.  This case arises out of Plaintiffs' stay at a Mexican property; it has nothing to do with

---

[2]     It warrants emphasis that even under the traditional *forum non conveniens* analysis, all Plaintiffs offer in support of their opposition are three signed letters, one from a Pennsylvania resident and two from New York residents, who were ostensibly at the hotel in Mexico on the date of the incident.  Plaintiffs' meager proffer does nothing to outweigh the overwhelming amount of evidence located in Mexico, as set forth and described at length in Defendants' opening brief.

those Pennsylvania hotels.  Plaintiffs do not allege otherwise in their Complaint, and cannot argue otherwise now.

Ultimately, this case involves alleged defective premises in Mexico.  Mexico is an adequate alternative forum, and its interest in the adjudication this dispute is paramount.  Most of the evidence and witnesses are located in Mexico – and some of them may not even be able to travel to the United States for discovery or trial.  In sum, the case will most efficiently, conveniently, and adequately be adjudicated before the courts of Mexico.  Therefore, Defendants respectfully request that the Court dismiss this case in favor of a Mexican forum.

## II.      Plaintiffs' Cannot Meet Their Burden to Prove Personal Jurisdiction

Additionally, dismissal is appropriate under Fed. R. Civ. P. 12(b)(2) because the Court lacks personal jurisdiction over the Defendants.  "The burden of demonstrating facts that establish personal jurisdiction falls on the plaintiff." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (internal citations and quotations marks omitted).  "[O]nce a defendant has raised a jurisdictional defense, the plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper." *Id*. (internal citations and quotation marks omitted).  Yet Plaintiffs fail to offer any affidavits or other competent evidence to demonstrate that there is, or even that there could be, a basis for this Court to exercise either specific or general personal jurisdiction over the Defendants in this case.   Instead, Plaintiffs make arguments based upon stale law and demonstrably misleading factual contentions.

The law governing specific and general personal jurisdiction has changed dramatically over the course of the past six years as a result of a series of decisions from the United States Supreme Court, as this Court is well aware.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011); *Walden v. Fiore*, 134 S. Ct. 1115 (2014), *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014); *BNSF Railroad Co. v. Tyrrell*, 137 S. Ct. 1549 (2017);

*Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773 (2017). Plaintiffs neglect to mention, much less discuss, any of these landmark personal jurisdiction decisions in their opposition.  In fact, the most recent federal case that relates to personal jurisdiction on which Plaintiffs rely is a 17-year-old decision from this District.  As explained in Defendants' opening motion, and below, there is no jurisdictional basis on which this case can proceed against MII, OPP and OMSJ in Pennsylvania.

### A.  The Court Lacks General Personal Jurisdiction Over Defendants

The Supreme Court has made clear in recent years that a foreign corporation is only subject to the general jurisdiction of a State court where the corporation can be fairly regarded as "at home" in the forum.  *See Daimler*, 134 S. Ct. at 761.  To date, the Supreme Court has held that there are two paradigmatic places where a corporation can be fairly regarded as "at home:" the corporation's state of incorporation and its principal place of business.  *Id*. at 760 (citing *Goodyear*, 131 S. Ct. at 2854).[3]

Plaintiffs' reliance on Pennsylvania's long-arm statute, Pa. C.S.A. § 5301(2) is misplaced.  As explained by the Supreme Court, a State's exercise of jurisdiction, regardless of the terms of its long-arm statute, must comport with the Due Process Clause of the Fourteenth Amendment.  *See Bristol-Myers Squibb Co.*, 137 S. Ct. at 1779.  Accordingly, the long-arm statute, standing alone, has no bearing on the issues before this Court.  MII is incorporated in

---

[3]    The Supreme Court, concededly, left room for the assertion of general jurisdiction beyond those two paradigms, but only in a truly "exceptional case" where ''a corporation defendant's forum in another state 'may be so substantial and of such a nature as to render the corporation at home in that State.'"  *BNSF*, 137 S. Ct. at 1558 (citing *Daimler*, 134 S. Ct. at 761 at n. 19).  The only example of such "exceptional case" identified by the Supreme Court is *Perkins v. Benquet Consol. Mining Co.*, 342 U.S. 437, 72 S. Ct. 413 (1952), where war forced the defendant corporation's owner to temporarily relocate the enterprise from the Philippines to Ohio.  The corporation was deemed to be temporarily at home in Ohio because Ohio was the temporary center of the corporation's wartime activities.  *See BNSF*, 137 S. Ct. at 1558; *Daimler*, 134 S. Ct. 746 at 756 n. 8 (citing *Perkins*, 342 U.S. at 447–48).  No such circumstances are present or alleged here.

Delaware, and OPP and OMSJ in Mexico.  MII's principal place of business is in Maryland and, again, OPP and OMSJ's principal place of business is in Mexico.  None of those facts are in dispute.  Plaintiffs' opposition thus fails to explain how the Court can lawfully exercise general personal jurisdiction over Defendants here.

In an effort to somehow salvage their filing, Plaintiffs incorrectly contend (in the specific-personal-jurisdiction section of their brief) that the Court may exercise general jurisdiction over MII because, depending on where one looks in their brief, MII owns either hundreds or thousands of hotels in Pennsylvania.  This argument is both legally and factually flawed.

First and foremost, legally, the extent of Marriott's business in Pennsylvania is not the focus of the general jurisdiction analysis.  *See Daimler*, 134 S. Ct. 746, 762 at n. 20 ("[T]he general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts.").  "Rather, the inquiry 'calls for an appraisal of a corporation's activities in their entirety'; '[a] corporation that operates in many places can scarcely be deemed at home in all of them.'"  *BNSF*, 137 S. Ct. at 1559 (quoting *Daimler*, 134 S. Ct. at 762 at n. 20).  The number of Marriott-branded hotels in Pennsylvania is therefore irrelevant to the general jurisdiction analysis in this matter.  Since the Defendants are not incorporated in Pennsylvania and do not maintain their principal place of business here, they cannot be fairly regarded as "at home" in Pennsylvania under *Daimler*.  Plaintiffs offer nothing to challenge these facts.

Second, Plaintiffs' argument is premised upon demonstrably inaccurate facts.  It is a matter of public record that MII does not own any hotels in Pennsylvania, as reflected in its Form 10-K for the period ending December 31, 2016, which includes (at pp. 19-20) a complete list of hotels owned or leased by MII.  *See* Marriott's 2016 Form 10-K (attached as Ex. B).

Plaintiffs also materially misrepresent the number of Marriott-branded hotels in the Eastern District of Pennsylvania.  According to Plaintiffs, there are over 600 such properties in the Eastern District alone.  Plaintiffs base this assertion on materially redacted screenshots attached to the body of their brief.  In fact, there are only 154 Marriott-branded hotels in the entire Commonwealth of Pennsylvania.  *See* Screen-print attached as Ex. C (http://www.marriott.com/hotel-search/pennsylvania.hotels.united-states/) (last accessed on Sept. 15, 2017).

Plaintiffs' fuzzy math is actually the result of their removing critical information contained in the full screen searches on the Marriott.com website from the information supplied to the Court.  Indeed, searches by city in Pennsylvania are not limited to hotels in that particular city.  Rather, the results include hotels in the city and surrounding areas, including out-of-state and out-of-district properties.  For instance, the list of Marriott-branded hotels located in Philadelphia includes hotels located throughout Pennsylvania, as well as in neighboring New Jersey and Delaware.  *See* complete screen-print attached as Exhibit D (last accessed on Sept. 15, 2017).  Plaintiffs make the same misrepresentation with respect to the redacted screen shots for the other cities identified in their brief.  *See* complete screen-prints attached as Exs. E-K.

## B.  The Court Lacks Specific Personal Jurisdiction Over Defendants

According to the most recent Supreme Court precedent, the Due Process Clause of the Fourteenth Amendment mandates that a State may exercise specific jurisdiction over a defendant only when the defendant directs suit-related conduct to that State.  *See Bristol-Myers Squibb Co.*, 137 S. Ct. at 1779.  This premises liability case is centered entirely in Mexico.  Not surprisingly, Plaintiffs cannot identify a single suit-related act by any of the Defendants in, or directed to, Pennsylvania.  Therefore, Plaintiffs tacitly concede that there is no specific personal jurisdiction over Defendants under current law.

Plaintiffs have failed to meet their burden to demonstrate there is a basis for the Court to exercise general or specific personal jurisdiction over MII, OPP, or OMSJ. Accordingly, Defendants respectfully request that the Court grant their motion to dismiss for lack of personal jurisdiction and dismiss the Complaint with prejudice.

## III. Jurisdictional Discovery Is Not Warranted and Would Be Futile

Finally, Plaintiffs ask the Court to allow them to conduct jurisdictional discovery so the Court has a full record on which to make a determination on personal jurisdiction. The problem with Plaintiffs' request, however, is that the discovery they purportedly need is inconsequential. The reason is simple: it is premised on stale law. As explained above, the Court has all it needs to rule on the question of personal jurisdiction now. The Defendants' places of incorporation and principal places of business are undisputed, as is the fact that this case does not arise out of any activity by the Defendants in or directed to Pennsylvania.[4] Moreover, under *Sinochem*, the Court can dispose of the case on *forum non-conveniens* grounds without needing to reach the jurisdictional issues to avoid unnecessary and wasteful discovery. *Sinochem*, 549 U.S. at 435-436.

Accordingly, Plaintiffs' request to conduct jurisdictional discovery should be denied, and Defendants relieved of the duty to respond to any such discovery until the Court adjudicates the pending Motion to Dismiss.

---

[4] Plaintiffs served jurisdictional discovery without leave of court on September 13, 2017. *See* Plaintiffs' Jurisdictional Discovery, attached as Ex L. The Court need only look at the requests to see that they are based on stale law and that not one of them is reasonably calculated to lead to the discovery of information relevant to Defendants' place of incorporation, their principal place of business, or any suit-related conduct in Pennsylvania—the only relevant inquiries under current Supreme Court precedent.

**IV.     Conclusion**

For all the foregoing reasons, as well as those set forth in their opening Motion, Defendants respectfully request that the Court enter an Order dismissing this lawsuit.

Respectfully submitted,

GORDON & REES LLP

By:    /s/ Ilan Rosenberg
       Ilan Rosenberg (I.D. No. 89668)
       C. Tyler Havey (I.D. No. 80877)
       Jason E. Landro (I.D. No. 319376)
       One Commerce Square
       2005 Market Street, 29th Floor
       Philadelphia, PA  19103
       (215) 717-4026

Date: September 18, 2017

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned does hereby certify that on the 18th day of September, 2017, I did cause

a true and correct copy of the within Reply in Support of Defendants' Motion to Dismiss to be

served electronically filed and served on all counsel of record, whom are indicated below, via

CM/ECF:

Robert N. Braker, Esq.
Saltz, Mongeluzzi, Barrett & Bendesky, P.C.
52nd Floor
1650 Market Street
Philadelphia, PA 19103
*Attorneys for Plaintiffs*

*/s/ Ilan Rosenberg*
Ilan Rosenberg
